IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| CLARENCE HENRY DANIELS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 308-042 |
| ) | |
| DAVID FRAZIER, Warden,[1] ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate presently confined at Hancock State Prison in Sparta, Georgia, brings the above-captioned petition for a writ of habeas corpus against Respondents pursuant to 28 U.S.C. § 2254.[2] The matter is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases,[3] as well as on Petitioner's motion for

---

[1] The Court notes that Petitioner submitted a change of address on June 13, 2008, indicating that he is now located at Hancock State Prison, P.O. Box 339, Sparta, GA 31087. See doc. no. 4). Therefore, the proper Respondent in this action is David Frazier, the warden at Hancock State Prison. Accordingly, pursuant to Fed. R. Civ. P. 25(d)(1), the Clerk is **DIRECTED** to substitute David Frazier as Respondent in this case.

[2] At the time Petitioner filed the instant petition he was incarcerated at Montgomery State Prison.

[3] Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The Clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not

injunctive relief (doc. no. 5). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion for injunctive relief be **DENIED**. Additionally, based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, and for the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* be deemed **MOOT**, that Thomas Gramiak and Thurbert Baker be **DISMISSED** as improper party Respondents, that this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

## I. BACKGROUND

### A.  Rule 4 Review of the Petition

Petitioner was sentenced to two years of incarceration upon his conviction in the Superior Court of Bartow County.[4] (Doc. no. 1, p. 3). Petitioner does not report pursuing a direct appeal, but he did file a state habeas corpus petition in the Superior Court of Montgomery County. (Id.). The grounds Petitioner raised in his state habeas corpus petition were: (1) double jeopardy, (2) ineffective assistance of counsel, (3) "change of venue," and (4) due process violation. (Id.). Petitioner notes that his state habeas corpus petition remains pending, as he has "not heard anything since November 26, 2007." (Id. at 4). Petitioner's federal habeas corpus petition raises the following grounds: (1) "void and unlawful conviction of judgment," (2) "no jurisdiction and ineffective assistance of counsel," (3)

---

dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

[4]The exact nature of Petitioner's conviction is unclear. In the petition, in response to the question concerning the nature of offense involved, Petitioner wrote "unlawful probation revocation and aggravated assault." (Doc. no. 1, ¶ 4).

2

"unlawful probation revocation - no jurisdiction over flesh and blood," and (4) "unlawful sentence." (Id. at 5-11).

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state

3

prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845. This "one full opportunity" includes pursuing discretionary review with the highest available appellate court where the highest court of the state has not opted out of this requirement.[5] Id.

The AEDPA, however, contains two significant changes bearing on the exhaustion requirement. First, the AEDPA eliminates a district court's ability to infer a state's waiver of exhaustion from the state's failure to expressly invoke the exhaustion requirement. 28 U.S.C. § 2254(b)(3). Under the revised statute, a waiver can be found only if the state, through counsel, expressly waives the requirement. Id. Second, the AEDPA confers discretion upon the district courts to deny a habeas petition on the merits notwithstanding the petitioner's failure to exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(2). When read in conjunction with the exhaustion requirement contained in § 2254(b)(1) and the waiver requirement contained in § 2254(b)(3), § 2254(b)(2) creates a confusing statutory framework within which the district courts must consider habeas petitions. Hoxsie v. Kerby, 108 F.3d 1239, 1243 (10th Cir. 1997) (recognizing § 2254(b)(2), standing alone, does not contain the standard for determining when a federal court should dismiss a petition on the merits instead of insisting on exhaustion); Gaylor v. Harrelson, 962 F. Supp. 1498, 1499-1500 (N.D. Ga. 1997) (same).

---

[5]In Georgia, on direct appellate review, "'a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies' . . . ." Hills v. Washington, 441 F.3d 1374, 1375 (11th Cir. 2006) (*per curiam*) (quoting Ga. Sup. Ct. R. 40).

4

In deciding whether to require exhaustion or to address the merits, the Supreme Court's decision in Granberry v. Greer, 481 U.S. 129 (1987), provides some insight. In Granberry, the Supreme Court stated:

> If, for example, the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis. On the other hand, if it is perfectly clear that the applicant does not raise a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served . . . if . . . the district court denies the habeas petition.[6]

Id. at 134-35; see also Atkins v. Singletary, 965 F.2d 952, 957 (11th Cir. 1992) (applying Granberry). Based on Granberry, the question of whether to require exhaustion in lieu of addressing the merits turns on whether it is "perfectly clear" that the petitioner has failed to state "even a colorable federal claim." Granberry, 481 U.S. at 134-35. In other words, if there is arguably a colorable claim, the Court should normally invoke the exhaustion requirement and dismiss the petition without prejudice.[7]

Moreover, as a matter of comity, the state courts must generally be afforded a fair

---

[6]The Court recognizes that § 2254(b)(3) overrules Granberry to the extent that the state no longer may be deemed to waive the exhaustion requirement. The quoted passage, however, remains good law, and indeed, the policies underlying the passage are directly incorporated into § 2254(b)(2).

[7]When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005). However, the stay and abeyance procedure should only be used in limited circumstances when a court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Id. at 277. Petitioner has not presented any exhausted claims in the present petition and, therefore, the stay and abeyance procedure is inapplicable.

opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972) (*per curiam*). In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (*per curiam*) (holding that an inordinate delay can, under certain circumstances, excuse exhaustion).

In the past, this Court has dismissed unexhausted petitions brought in federal court despite significant delays in the state appellate process. For example, this Court dismissed an unexhausted federal petition despite the petitioner's complaints regarding a two-year delay in the preparation of his trial transcript for direct appeal. See Walker v. Thompson, CV 104-060, doc. no. 24, *adopted by* doc. no. 27 (S.D. Ga. Aug. 11, 2004), *cert. of appealability denied by* Walker v. Thompson, No. 04-14989-C (11th Cir. Dec. 22, 2004).

To put the matter plainly, the Court prefers that the state courts have a first opportunity to address a petitioner's claims. Thus, the heart of the matter is whether the instant case presents such an "inordinate delay in the State post-conviction process" as to "render the state remedy ineffective to protect [Petitioner's] rights, thereby relieving him of the necessity for making further efforts to present his claims to the State courts." Reynolds

6

v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972)(*per curiam*). Here, Petitioner's state habeas corpus petition was filed less than one year ago; thus, this case does not present such an inordinate delay in the State post-conviction process as to render the state remedy ineffective. Accordingly, it is not appropriate for the Court to discard the exhaustion requirement in the instant case.

Petitioner has not alleged the requisite exhaustion of his available state remedies. See 28 U.S.C. § 2254(c). As the United States Supreme Court admonished, "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842. Because Petitioner has failed to allege that he exhausted his available state remedies, the instant federal habeas corpus petition should be **DISMISSED** without prejudice.

### B.   Improper Respondents

Moreover, the Court also finds that Thomas Gramiak and Thurbert Baker are improper Respondents and should be dismissed. Pursuant to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall allege the name of the person having custody over a petitioner. Furthermore, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that for habeas petitioners who are currently in the custody of the state, "the petition must name as respondent the state officer who has custody." The Advisory Committee Notes to Rule 2 explain that the state officer having custody of the petitioner, often a prison warden, is the appropriate respondent when a petitioner is seeking relief from a sentence for which he is currently incarcerated. The Notes further explain that the state Attorney General is an appropriate party respondent when the

petitioner is attacking a sentence which will be carried out in the future or for which the petitioner is not incarcerated, on probation, or on parole. As another federal court has explained, "[T]he only proper respondent in a collateral attack is the petitioner's custodian. . . . If the petitioner is in prison, the warden is the right respondent. . . . A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody." Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996).

As Petitioner is challenging the sentence for which he is currently incarcerated, Warden Frazier is the proper Respondent, and Thomas Gramiak and Thurbert Baker are **DISMISSED** as an improper party Respondents.

C. **Injunctive Relief**

The Court now turns its attention to Petitioner's motion entitled "Extraordinary Emergency Order Requested." (Doc. no. 5). Petitioner's motion provides that by transferring Petitioner to Hancock State Prison from Montgomery State Prison, the Georgia Department of Corrections has "intentionally placed Petitioner in a hostile violent prison. . . ." (Id.). Petitioner thus seeks a Court order directing that he be placed in a "safe house, federal custody, or back to Bartow County Jail." (Id.). Thus, it appears Petitioner is requesting relief concerning his conditions of confinement.

However, it is now well-established that "a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Conversely, a state prisoner can properly bring a § 1983 action asserting "requests for relief turning on circumstances of confinement." Muhammad v. Close, 540

8

U.S. 749, 750 (2004); see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("constitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of that core [of habeas corpus] and may be brought pursuant to § 1983"). Thus, Petitioner should not be using his habeas corpus petition to address his challenges to the conditions of his prison confinement.[8]

In any event, Petitioner is not entitled to the relief sought, whether his request was filed pursuant 42 U.S.C. § 1983, or 28 U.S.C. § 2254. Parties moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

In the one-page instant motion, Petitioner has not met his burden of persuasion on all four requisites for obtaining injunctive relief. Specifically, Petitioner has failed to

---

[8]The Court is aware that Petitioner has two civil rights cases in this District in which he filed the same injunctive relief motions. See Daniels v. Sikes, Civil Case No. 307-059, doc. no. 26 (S.D. Ga. July 23, 2008); Daniels v. Sikes, Civil Case No. 308-010, doc. no. 12 (S.D. Ga. June 24, 2008).

9

address, let alone establish, that there is a substantial likelihood that he will prevail on the merits of his claim, that the threatened injury outweighs whatever damage the proposed injunction may cause Defendants, or that the injunctive relief would not be adverse to the public interest. First, as Petitioner is requesting relief concerning his conditions of confinement in the habeas corpus proceeding, he cannot establish that there is a substantial likelihood that he will prevail on the merits. Second, Petitioner does not cite, and the Court is not aware of, any viable legal or statutory justification for his position that a state prisoner should be removed from the custody of state officials and placed in the custody of federal officials simply so that he can avoid exposure to secondhand smoke, receive medical treatment, or avoid alleged "hostile" state prisons. Although Petitioner requests that the Court transfer him from Hancock State Prison to federal custody, inmates do not have a constitutional right to be housed at one facility or another. Meachum v. Fano, 427 U.S. 215, 224 (1976). Thus, Petitioner has no right to be housed in a federal correctional facility.

Additionally, Petitioner has failed to establish that, if the injunction is not granted, there is a substantial threat that he will suffer irreparable injury. In order to establish the irreparable injury requirement, Petitioner must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (In order to obtain injunctive relief, a plaintiff must show "a real and immediate-- as opposed to a merely conjectural or hypothetical-- threat of *future* injury."). To meet this standard, a

plaintiff must show "a *likelihood* that irreparable harm will occur." United States v. Emerson, 270 F.3d 203, 262 (5th Cir. 2001) (quoting Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2948.1 at 153-56). However, the future injury need not be an inevitability, "*a strong threat* of irreparable injury . . . is an adequate basis." Id.

In his motion, Petitioner contends that the Georgia Department of Corrections has transferred him to a "hostile" and "violent" prison. (Doc. no. 5). Petitioner also maintains, *inter alia*, that he is being exposed to secondhand smoke and that his "health condition [and] need[s] are neglected." (Id.). Presumably, Petitioner concludes that a transfer to another facility would ensure his health and security. (See id.). In any event, Petitioner has not provided the Court with specific facts demonstrating how his current place of confinement has actually threatened his security or how prison officials have "neglected" his health condition. Indeed, Petitioner's concerns regarding his health and safety appear to be merely speculative. Furthermore, Petitioner has not alleged, and the Court has no reason to presume, that a transfer to federal custody would ensure his safety or eliminate all exposure to ETS.[9] As such, Petitioner has failed to demonstrate that, if the motion is not granted, there

---

[9]"It is the policy of the Georgia Department of [C]orrections to restrict the possession and consumption of tobacco products . . . in all correctional facilities . . . ." SOP IIA09-0001 § I (Eff. date Aug. 1, 2001). To that end, "[s]moking and the use of tobacco products by inmates will be permitted in designated outside areas at prescribed times in all facilities/centers. Smoking and the use of tobacco products by inmates shall be prohibited inside any building . . . ." Id. § VI(A)(1). Under the applicable Bureau of Prisons ("BOP") Program Statement, the BOP has restricted areas and circumstances where smoking is permitted within its institutions. Program Statement P1640.04 § 551.160 (Eff. date July 15, 2004). According to the Program Statement, "[t]he designation of smoking areas may reduce exposure to second hand smoke." Id. Furthermore, wardens "must designate a smoking area for use in instances where smoking is part of an authorized inmate religious activity" and "may designate only outdoor smoking areas for general inmate use . . . ." Id. § 551.162. As such, transfer to a federal facility would not guarantee confinement without exposure to ETS.

11

is a real risk of imminent, irreparable injury. Therefore, because Petitioner cannot meet his burden of persuasion on all four requisites for preliminary injunctive relief, his motion for injunctive relief should be **DENIED**. (Doc. no. 5).

## II. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion for injunctive relief be **DENIED**. Additionally, based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, and for the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* be deemed **MOOT**, that Thomas Gramiak and Thurbert Baker be **DISMISSED** as improper party Respondents, that this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 29th day of July, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

12